UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JEROME BOYD,<br><br>    Petitioner,<br><br>        v.<br><br>PEOPLE OF THE STATE OF ARIZONA,<br><br>    Respondent. | Case No. CV 15-8410-DMG (SP)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## **INTRODUCTION**

On October 28, 2015, petitioner Patrick Jerome Boyd filed a Petition for a Writ of Habeas Corpus ("Petition") in this Court. At the time of filing, petitioner was housed at the federal correctional institution in Lompoc, California. Petitioner seeks to collaterally attack a sentence imposed by an Arizona state court, which a federal court in North Carolina used to enhance the federal sentence he is currently serving.

For the reasons that follow, this Court lacks jurisdiction to entertain the Petition, and transfer to another court would not be in the interest of justice. As such, the Court summarily dismisses the Petition.

1

## II.
## BACKGROUND

As best this Court can glean, in 2004 petitioner was convicted of a felony in Arizona Superior Court. Petitioner contends because he was a non-dangerous first-time offender, he should not have been subject to a term of imprisonment under Arizona Proposition 200 A.R.S. § 13-901 and unspecified federal law. Petitioner argues he was exposed to an impermissible term of imprisonment, due to the ineffective assistance of his counsel and a defective complaint or information.

In March 2010, petitioner was charged in the United States District Court for the Western District of North Carolina with drug trafficking offenses in violation of 21 U.S.C. §§ 841 and 846, to which he eventually pled guilty. Relying on petitioner's 2004 Arizona conviction as well as unspecified 1999 and 2001 convictions, the United States District Court for Western District of North Carolina enhanced petitioner's sentence under 21 U.S.C. § 851, sentencing petitioner to a term of twenty years in prison.

Petitioner raises two grounds for relief. First, petitioner contends failure of his appointed counsel to present a defense ameliorating or extinguishing his Arizona prison term prior to his federal sentencing constituted ineffective assistance of counsel and violated his Sixth Amendment right to counsel. Second, petitioner argues the Arizona Superior Court abused its discretion in sentencing petitioner to a term in prison.

## III.
## DISCUSSION

Petitioner cites to both 28 U.S.C. § 2254 and 28 U.S.C. § 2241, but principally appears to bring his Petition under § 2254. Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes

dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).  Here, whether the Petition is considered under § 2254 or § 2241, petitioner may not obtain the relief he seeks in this Court.  This Court lacks jurisdiction to entertain the Petition.

### A. This Court Lacks Jurisdiction

The Petition repeatedly cites to § 2254 as the basis for petitioner to obtain relief in this Court, and this makes sense to the extent – with his second claim – petitioner seeks to collaterally attack the Arizona Superior Court's sentence.  But § 2254 only authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).  The Supreme Court has interpreted § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).  Although the petitioner need not necessarily be physically confined in order to file a habeas petition, he must still be under a criminal sentence that has not yet expired, such as on parole. *Id.* at 491-92.

Although petitioner is plainly in custody, he is in federal custody, not in Arizona state custody.  There is no indication in the Petition that petitioner is currently serving or otherwise under the criminal sentence imposed by the Arizona Superior Court that he seeks to challenge.  On the contrary, every indication is that petitioner served the custodial sentence imposed by the Arizona Superior Court in 2004 before he was charged in March 2010 in the United States District Court for the Western District of North Carolina.  As such, this Court – and every federal court – lacks jurisdiction to consider the Petition to the extent it seeks relief under § 2254. *See Maleng*, 490 U.S. at 490 ("in custody" requirement is jurisdictional).

Moreover, even if some remnant of his Arizona sentence remains, petitioner's second claim attacking his Arizona sentence is not cognizable, as discussed below.

Petitioner's first claim in the Petition, of ineffective assistance of counsel in his federal case, appears to be a challenge to his federal sentence. A prisoner held in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" or that his federal sentence "is otherwise subject to collateral attack" may move the sentencing court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. But petitioner has not brought the Petition under § 2255. Instead, to the extent he cites a basis for seeking habeas relief as a federal prisoner, he cites to § 2241.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). The Petition here is plainly a challenge to the legality of the sentence. But there is an exception – a "savings clause" or "escape hatch" – to the general rule that claims such as those petitioner raises here must be brought in a § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Hernandez*, 204 F.3d at 864 n.2; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentson*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055

(9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). A petition meets the "escape hatch" criteria of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted).

Here, petitioner is not claiming actual innocence. Thus, even if he never had an unobstructed procedural shot to present his claims – and there is no indication of that either – he does not qualify for the escape hatch or savings clause that would allow him to bring the Petition under § 2241.

Accordingly, petitioner could only bring his ineffective assistance claim in a § 2255 motion. This raises the question of whether this Court should recharacterize the Petition as a § 2255 motion. There are restrictions on the Court doing so. *See U.S. v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000). But the Court finds there is no need for it to go through the steps required by *Seesing* because dismissal of the Petition, rather than recharacterization, is warranted here.

If the Petition were construed as a § 2255 motion, this Court would lack jurisdiction. Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez*, 204 F.3d at 864-65; *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988); *see* 28 U.S.C. § 2255(a); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2255 motions must be filed in the district where the petitioner was sentenced"). Since petitioner is serving a sentence imposed by the United States District Court for the Western District of North Carolina, only that court has jurisdiction to entertain a § 2255 motion by petitioner.

The question then is whether this Court should dismiss the Petition or transfer it to the sentencing court as a recharacterized § 2255 motion. The transfer of civil actions to cure jurisdictional defects is governed by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. Transfer is appropriate under § 1631 if three

conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)). The first condition is met here. Whether the North Carolina court could exercise jurisdiction here – for example, whether the Petition was filed within § 2255's one-year limitation period (*see* 28 U.S.C. § 2255(f)) – is unclear. But in any event, a transfer would not be in the interest of justice.

Before transferring a case to another jurisdiction, district courts may "consider the consequences of transfer." *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) ("Congress in 28 U.S.C. § 1631 has conferred jurisdiction on federal district courts to decide whether to transfer or dismiss cases over which they lack jurisdiction to adjudicate fully."). To determine if transfer is in the interest of justice, the court undertakes a limited review of a petition in light of its likelihood of success. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 113 (D.D.C. 2011). If the petitioner's claims are not cognizable on federal habeas review, the court lacking in jurisdiction has discretion to "dismiss the case rather than waste the time of another court." *Phillips*, 173 F.3d at 610-11; *Boultinghouse*, 816 F. Supp. 2d at 113. That is the case here.

**B.    <u>Transfer Would Not be in the Interest of Justice</u>**

In ground one of the Petition, petitioner contends counsel in his federal case was ineffective in not collaterally attacking his Arizona state sentence in his federal case. But petitioner had no right to collaterally attack his Arizona conviction and sentence in his federal case. "[U]nder *Custis*, there is no constitutional right to collaterally attack the validity of a state conviction in a federal sentencing hearing on any basis other than denial of the right to counsel, including ineffective assistance of counsel." *Clawson v. U.S.*, 52 F.3d 806, 807 (9th Cir. 1995); *see*

6

*Custis v. U.S.*, 511 U.S. 485, 496, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994) (declining to extend a prisoner's right to collaterally attack a sentencing enhancement based on prior convictions in cases lacking a *Gideon* failure to appoint counsel defect).

Petitioner is not claiming he was denied counsel in his Arizona case; he is simply claiming the sentence was unlawful. Petitioner has presented no facts upon which he can claim a right to collaterally attack the federal sentence he is now serving. *See Custis*, 511 U.S. at 496 ("the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a stipulated facts trial" are constitutional violations that do not rise to the level permitting collateral attack) (internal quotation marks omitted). Since there was no legal basis for him to raise such a collateral attack in his federal case, his counsel could not have been ineffective for failing to do so. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance."); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

Petitioner likewise cannot challenge his federal sentence by way of a § 2255 motion or habeas petition when that challenge is in fact a collateral attack on a prior conviction or sentence. A petitioner who "fail[s] to pursue remedies that were otherwise available to him to challenge his [prior] convictions . . . may not now use a § 2255 motion to collaterally attack those convictions." *Daniels v. U.S.*, 532 U.S. 374, 384, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001). Habeas relief pursuant to § 2254 is also generally denied "when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 396, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001).

The only way to collaterally attack a state court conviction or sentence in federal court is by way of a § 2254 habeas petition. *See Custis*, 511 U.S. at 497. It appears this is what petitioner is attempting to do with his second claim in the Petition, that the Arizona Superior Court abused its discretion in imposing a sentence of imprisonment. But as discussed above, every indication is that petitioner is no longer in custody under the state court sentence, and as such this Court lacks jurisdiction to entertain a § 2254 Petition.

Moreover, even if Petitioner were still under the Arizona sentence, ground two is not cognizable on federal habeas review. Petitioner contends the Arizona court violated federal law, but fails to identify any such federal law in support of this contention. Indeed, his claim is clearly based on application of Arizona state law. Misapplication of state law by the state court does not give rise to a federal question that can be remedied by a federal writ of habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

Even if the Court had jurisdiction, petitioner is not entitled to federal habeas relief on either of his claims. For this reason, transfer to another court is not in the interest of justice. Instead, the Court will dismiss the Petition without prejudice. After careful consideration of the facts and law, should petitioner determine he has a basis to file a cognizable constitutional claim, he may refile his action using the correct form, in the correct jurisdiction, and pursuant to the proper statutory authority.

\ \ \

\ \ \

\ \ \

\ \ \

**IV.**

## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: December 17, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
United States Magistrate Judge